**SHATTUCK v. HELVERING, Commissioner of Internal Revenue.**

No. 225.

Circuit Court of Appeals, Second Circuit.

May 5, 1941.

Shattuck, Bangs & Davis, of New York City (Wendell Davis, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., and Hubert L. Will, of Washington, D. C., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is a petition to review the decision of the Board of Tax Appeals, assessing a deficiency against the taxpayer upon his income tax for the year 1935. The facts as stipulated are as follows. The taxpayer was one of a firm of attorneys which had done legal services for a company that was unable to pay its resulting fee in cash. The client had, however, a large number of notes of another company, called Erie & St. Lawrence Corporation, and on November 16, 1933, the parties came to agreement as follows. The client agreed to pay down $10,000 and to deliver its promissory note

for $70,000, dated November 1, 1933, payable in six months, with interest; as "collateral" for this note it pledged $85,000 par value of the Erie & St. Lawrence notes; and the taxpayer agreed that if the note or the interest on it should not be paid when it fell due, he should accept the Erie & St. Lawrence notes "in full discharge of" the client's note, and should have no claim against it because of "any insufficiency in the realization of said collateral." On December 2nd the client paid $10,000 in cash, delivered seventy-five thousand ($75,000) dollars of Erie & St. Lawrence notes. (The parties had agreed upon this reduction). At the same time it delivered its promissory note for $70,000, which concluded: "This note is delivered subject to the terms and provisions of a settlement agreement dated November 15, 1933, secured and payable accordingly." On May 1, 1934, the client did not pay the note, and on February 1, 1935, the firm sold the Erie & St. Lawrence notes for $62,500. Both the taxpayer and the firm kept their books on a cash basis and the question is whether the Erie & St. Lawrence notes were acquired in December, 1933. If so, they had been "held" for more than one year and only 80% of their value was taxable; if not, they were "held" only from May 1, 1934, and 100% of their value was taxable. The Commissioner assessed the taxpayer on the theory that the firm had "held" the notes only from May 1, 1934, and the Board affirmed his ruling. That is the only question in the case.

The transaction, shorn of its form, was an accord which the client had an option in satisfying; it might either surrender the Erie & St. Lawrence notes, or pay its own note; it was not bound to do either, but it was bound to do one of the two. There was, properly speaking, no pledge and no "collateral," because the client's note was not a debt, since it was not bound to pay it. "Held" in § 117 of the Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707, means the same as "acquired and held" (McFeely v. Commissioner, 296 U.S. 102, 107, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304) and one cannot be said to have "acquired" property merely because one has given his debtor the power to use it in satisfaction of an accord. Property is not "acquired" even when the optionee has a "call," not, as here, a "put." Helvering v. San Joaquin Co., 297 U.S. 496, 56 S.Ct. 569, 80 L.Ed. 824. Yet that is a stronger case, since it might be argued that the optionee

"holds" what he has in his power to "acquire." Cf. Sommers v. Commissioner, 10 Cir., 63 F.2d 551, 553.

Order affirmed.